IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA GRAVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1001-K |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment on Plaintiff's Claims (Doc. No. 22). After careful review of the motion, the response, the reply, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **GRANTS** the motion for the following reasons.

### I. Factual Background

While shopping at a store of Defendant Wal-Mart Stores, Inc. ("Defendant") in Dallas, Texas, Plaintiff Wanda Graves ("Plaintiff") slipped and fell on a grape on the floor. Plaintiff filed this lawsuit against Defendant in state court, alleging state law claims, and Defendant removed the case to this Court based on diversity.

### II. Standards for Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving

party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant must go beyond the pleadings and designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary

judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010)(per curiam)(citing *Celotex*, 477 U.S. at 323-25). However, "[i]t is not sufficient to merely list the elements of the claims and state that there is no evidence to support the elements." *Seastruck v. Darwell Integrated Tech.*, Civ. No. 3:05-CV-0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) (Stickney, M.J.). The movant must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims. *Id.*

### III. Applicable Law

An invitee is owed a duty by the owner to exercise reasonable care to protect invitees from dangerous store conditions known to or discoverable by the store. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *see also Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)(invitee is "one who enters on another's land with the owner's knowledge and for the mutual benefit of both."). But this duty does not make the owner a general insurer of its customers' safety on the premises. *See id.*

To prove a claim of premises liability, the plaintiff must establish: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) that the condition created or posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to exercise reasonable care was the proximate cause of the plaintiff's injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

To establish the owner had knowledge of a potentially harmful condition, "a slip-and-fall plaintiff . . . [must establish] that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). It is not enough for the plaintiff to merely show that an employee came in close proximity to a hazard; a plaintiff must point to some temporal evidence that the owner had a reasonable opportunity to discover a dangerous condition. *Id.* at 816.

IV.  **Application of the Law to the Facts**

Defendant moves for summary judgment on the grounds that Plaintiff cannot establish the required notice element of her claims. Plaintiff responds that she "believes that Defendant had constructive knowledge" because the condition of the floor was not inspected prior to her fall and Defendant had a reasonable amount of time to discover

the condition. In its reply, Defendant maintains Plaintiff offers no evidence supporting her claim that Defendant had any knowledge, constructive or actual, of the grape.

Defendant's knowledge of the grape on the floor is a required element of Plaintiff's claim. *See CMH Homes*, 15 S.W.3d at 99. To establish Defendant's actual or constructive knowledge, Plaintiff would have to show: (1) that Defendant placed the grape on the floor; (2) that Defendant actually knew the grape was on the floor; or (3) that the grape was on the floor long enough to give Defendant a reasonable opportunity to discover and remove it. *See Reece*, 81 S.W.3d at 814. Plaintiff concedes she does not know how the grape came to be on the floor, and also that she has no evidence Defendant had actual knowledge about the grape. Instead, in her response, Plaintiff argues Defendant had constructive knowledge of the grape on the floor because the condition of the grape on the floor was never inspected prior to Plaintiff's fall. In support of her constructive knowledge argument, Plaintiff cites to her own affidavit in which she states she heard an employee of Defendant say he didn't know of anyone who had been in the area where Plaintiff fell for at least an hour. She also states that she heard another employee of Defendant say to someone else that a regular check of this area should be done. Plaintiff offers no other summary judgment evidence in support of her argument.

Plaintiff must point to some temporal evidence that Defendant had a reasonable opportunity to discover the grape on the floor. *Id.* at 816. Her affidavit falls far short

of establishing any temporal evidence that the grape was on the floor long enough that Defendant had a reasonable opportunity to discover the grape on the floor. In her response, Plaintiff actually concedes that she has no knowledge of "the entirety of [the grape] being on the floor." There is no evidence other than Plaintiff's own affidavit as to how long the grape might have been on the floor. "Without temporal proof, no basis exists upon which a factfinder can 'reasonably assess the opportunity the premises owner had to discover the dangerous condition.'" *Young v. Wal-Mart Stores Tex., LLC*, No. 05-14-00362-CV, 2015 WL 1062744, at *2 (Tex.App.—Dallas Mar. 10, 2015); *see Reece*, 81 S.W.3d at 814 (plaintiff "must produce sufficient evidence to create a triable issue as to whether 'the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition.'"

Plaintiff has failed to meet her burden to create a genuine issue of material fact as to Defendant's knowledge, actual or constructive, which is a required element of her claims. *See Walker*, 400 F. App'x at 916 ("Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of non-moving party's claim."). The Court finds summary judgment on Plaintiff's claims is appropriate and **grants** Defendant's summary judgment motion.

V.   **Conclusion**

Considering all the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to meet her burden of producing summary judgment evidence showing a genuine fact issue for trial exists as to Defendant's knowledge of the grape on the floor that allegedly caused Plaintiff's fall.  Accordingly, the Court **grants** Defendant's motion for summary judgment.

**SO ORDERED.**

Signed March 29th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE